JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HANJIN OVERSEAS BULK LTD.,

                Plaintiff,

- against -

BELARUSSIAN SHIPPING CO. LTD. a/k/a
BELARUSSIAN SHIPPING CO., a/k/a BELARUSIAN
SHIPPING CO., a/k/a BELORUSIAN SHIPPING CO,
PRIMETRANS UNIVERSAL INC.,
EURASIA SHIPPING AND PORT SERVICES LLP,
LAKEPARK EXPERTS LIMITED,
TRASER ALLIANCE LTD., DEKKER LIMITED,
FORSBERG AND CO. LLP., MALTO LTD.,
RIMEX LTD. and C/GT GROUP LTD.,

                Defendants.
------------------------------------------------------------X



08 CV

ECF CASE

RECEIVED MAY 21 2008 U.S.D.C. S.D.N.Y. CASHIERS

## VERIFIED COMPLAINT

Plaintiff, HANJIN OVERSEAS BULK LTD., (hereafter referred to as "HANJIN" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, BELARUSSIAN SHIPPING CO. LTD. a/k/a BELARUSSIAN SHIPPING CO. a/k/a BELARUSIAN SHIPPING CO. a/k/a BELORUSIAN SHIPPING CO. (hereinafter referred to as "BSC"), PRIMETRANS UNIVERSAL INC. (hereinafter referred to as "PRIMETRANS"), EURASIA SHIPPING AND PORT SERVICES LLP (hereinafter referred to as "EURASIA"), LAKEPARK EXPERTS LIMITED (hereinafter referred to as "LAKEPARK"), TRASER ALLIANCE LTD. (hereinafter referred to as "TRASER"), DEKKER LIMITED (hereinafter referred to as "DEKKER"), FORSBERG AND CO. LLP. (hereinafter referred to as "FORSBERG"), MALTO LTD. (hereinafter referred to as "MALTO"), RIMEX LTD. (hereinafter referred to as "RIMEX") and

C/GT GROUP LTD. (hereinafter referred to as "C/GT") (collectively referred to herein as "Defendants") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of a maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the disponent owner[1] of the motor vessel "MARITIME MASTER" (hereinafter the "Vessel").

3. Upon information and belief, Defendant BSC was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of the Republic of Belarus with a place of business at Minsk, Belarus and was at all material times the Charterer of the Vessel.

4. Upon information and belief, Defendant PRIMETRANS was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in Road Town, Tortola, British Virgin Islands and was at all material times an alias and/or paying agent, funding agent, or receiving agent of the Defendant BSC.

---

[1] A 'disponent owner' controls the commercial operations of a vessel having taken the vessel on charter from the registered owner of the vessel. The disponent owner usually time charters the vessel from the registered owner and then sub-charters the vessel to charterers.

5. Upon information and belief, Defendant EURASIA was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in London, England and was at all material times an alias and/or paying agent, funding agent, or receiving agent of the Defendant BSC.

6. Upon information and belief, Defendant LAKEPARK was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in Auckland, New Zealand and was at all material times an alias and/or paying agent, funding agent, or receiving agent of the Defendant BSC.

7. Upon information and belief, Defendant TRASER was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in Belize City, Belize and was at all material times an alias and/or paying agent, funding agent, or receiving agent of the Defendant BSC.

8. Upon information and belief, Defendant DEKKER was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in Auckland, New Zealand and was at all material times an alias and/or paying agent, funding agent, or receiving agent of the Defendant BSC.

9. Upon information and belief, Defendant FORSBERG was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in London, England and was at all material times an alias and/or paying agent, funding agent, or receiving agent of the Defendant BSC.

10. Upon information and belief, Defendant MALTO was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with

a place of business in Cyprus and was at all material times an alias and/or paying agent, funding agent, or receiving agent of the Defendant BSC.

11. Upon information and belief, Defendant RIMEX was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in Auckland, New Zealand and was at all material times an alias and/or paying agent, funding agent, or receiving agent of the Defendant BSC.

12. Upon information and belief, Defendant C/GT was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in Auckland, New Zealand and was at all material times an alias and/or paying agent, funding agent, or receiving agent of the Defendant BSC.

13. By a charter party dated March 21, 2008 Plaintiff time chartered the Vessel to Defendant BSC from the time of delivery in April 2008 for a timecharter period up to minimum of June 1, 2008 / maximum June 23, 2008. A copy of the charter party is attached hereto as Exhibit 1.

14. Plaintiff delivered the Vessel into the service of the Defendant BSC on April 3, 2008 and has fully performed all duties and obligations under the charter party.

15. The charter party requires Defendant BSC to pay to Plaintiff the vessel charter party hire (rate of $36,000 per day) 15 days in advance.

16. Disputes have arisen between the parties regarding BSC's failure to pay in full all charter party hire, in particular the second and third hire payments, due and owing to Plaintiff under the charter party contract.

17. Due to BSC's protracted failure to remit hire due and payable Plaintiff has withdrawn the Vessel from service under the charter party and the charter party has been terminated.

18. As a result of BSC's breach of the charter party due to its failure to pay all hire due and payable, Plaintiff has sustained damages in the total principal amount of $832,911.00, exclusive of interest, arbitration costs and attorneys fees. Attached hereto as Exhibit 2 are copies of Plaintiff's unpaid hire statements that have been issued to BSC but remain unpaid and an up to date accounting of sums due under the charter party giving credit to BSC for bunkers (i.e., fuel) remaining on board the Vessel at the time she was withdrawn from service and the charter party terminated.

19. Plaintiff has re-let the Vessel in a reasonable effort to seek to mitigate its losses due to BSC's breach of the charter party. Plaintiff reserves the right to assert further losses which may be incurred following the date the Vessel was withdrawn from service to BSC under the charter party and when the charter party was expected to end.

20. Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in London subject to English law. Hanjin specifically reserves its right to arbitration of its claims against BSC. Hanjin is preparing to commence London arbitration against BSC.

21. This action is brought in order to obtain jurisdiction over BSC and also to obtain security for Hanjin's claims and in aid of arbitration proceedings.

22. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now

be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim – Unpaid Hire: | $832,911.00; |
| B. | Estimated interest on claim - 1 year at 7% compounded quarterly: | $ 58,303.77; |
| C. | Estimated arbitration costs: | $ 25,000.00; |
| D. | Estimated attorneys' fees and expenses: | $ 50,000.00. |
| **Total:** | | **$966,214.77.** |

23. It is not general practice in the maritime community, nor any where else, for independent companies to make large payments on behalf of other independent companies. However, during the charter party, Defendants PRIMETRANS, EURASIA, and LAKEPARK have remitted charter party payments to the benefit of Plaintiff on behalf of Defendant BSC.

24. Upon information and belief, Defendants TRASER, RIMEX, DEKKER, MALTO, FORSBERG AND C/GT have remitted payments on behalf of Defendant BSC for BSC's other obligations and liabilities.

25. Upon information and belief, Defendants PRIMETRANS, EURASIA, LAKEPARK, TRASER, RIMEX, DEKKER, MALTO, FORSBERG and C/GT make payments on BSC's behalf although they have no contractual obligation to BSC's creditors.

26. Upon information and belief, Defendants PRIMETRANS, EURASIA, LAKEPARK, TRASER, RIMEX, DEKKER, MALTO, FORSBERG and C/GT are paying agents, funding agents and/or receiving agents of BSC such that they are now, or will soon be, holding assets belonging to BSC and vice versa.

27. In the further alternative, and upon information and belief, Defendants are affiliated companies of BSC such that PRIMETRANS, EURASIA, LAKEPARK, TRASER,

RIMEX, DEKKER, MALTO, FORSBERG and C/GT are now, or will soon be, holding assets belonging to BSC and vice versa.

28. In the further alternative, and upon information and belief, Defendants PRIMETRANS, EURASIA, LAKEPARK, TRASER, RIMEX, DEKKER, MALTO, FORSBERG and C/GT are aliases of Defendant BSC.

29. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

30. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$966,214.77** belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' names or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

    C.    That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

    D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

    E.    That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

    F.    That in the alternative this Court enter judgment against the Defendants on the claims set forth herein;

    G.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

    H.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:     New York, NY
           May 21, 2008

                The Plaintiff,
                HANJIN OVERSEAS BULK LTD.

By: _____
      Kevin J. Lennon
      Nancy R. Peterson (Siegel)

LENNON, MURPHY & LENNON, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile
kjl@lenmur.com
nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
          May 21, 2008

_____
Kevin J. Lennon